United States District Court
Southern District of Texas
**ENTERED**
March 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT GAMBLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL CASE NO. H-23-184 |
| CARRINGTON MORTGAGE SERVICES, § | |
| LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

In 2008, Robert Gamble and his wife purchased a home for their family in Houston. (Docket Entry No. 1-1 ¶ 8). Carrington is the servicer for the mortgage on the home. (*Id.* ¶ 11). Like many, Gamble lost significant income during the Covid-19 pandemic and, as a result, entered into a payment deferment agreement with Carrington in March 2020. (*Id.* ¶¶ 14–15). The agreement expired in April 2021. (*Id.* ¶ 15). The agreement provided that mortgage payments otherwise due during the period of the agreement would be deferred and "added to the end of the mortgage." (*Id.*). During the deferment period, in March 2021, Gamble made or attempted to make payments to Carrington, some of which were accepted and others of which were not. (*Id.* ¶ 16). In April 2021, the parties entered into a further deferment agreement, the terms of which are disputed. (*Id.* ¶ 17). Although Gamble never received a notice of default, notice of acceleration, or notice of foreclosure sale, a foreclosure sale was scheduled in December 2022 for January 3, 2023. (*Id.* ¶¶ 18–19). Gamble complains that Carrington, by failing to provide proper notice, violated the Texas Debt Collection Act, the parties' contracts, and the Texas Property Code. Gamble also brings a claim under the Texas Declaratory Judgment Act.

Carrington removed this action and has moved to dismiss, arguing that Gamble has not stated a claim. (Docket Entry No. 2). Gamble has not responded. For the following reasons, the court grants the motion.

I.      The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

**II.     Analysis**

Carrington argues that Gamble's breach-of-contract claim must be dismissed because Gamble has not pleaded and cannot plead that he performed under the contract.

> Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach.

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Gamble has not pleaded that he performed under the Deed of Trust or under the terms of the alleged deferment agreements. Gamble only pleads that he attempted to make payments during the first deferment period. He does not allege whether those payments fulfilled his contractual commitments. Gamble otherwise makes no allegations from which the court may infer he performed under the parties' agreements. The court accordingly dismisses the breach-of-contract claim.

Carrington argues that Gamble's claim for violations of the Texas Debt Collections Act fails because a lender does not violate the Act by threatening to foreclose under a valid contract, provided the mortgage was in default. (Docket Entry No. 2 at 6). Gamble's claim for violations of the Act is based on Carrington's failure to provide proper notice under the relevant Texas statutes. (Docket Entry No. 1-1 ¶ 38). Carrington is correct that a mortgagee does not violate the Act if it holds a valid contractual right to foreclose, notwithstanding its failure to comply with notice obligations. *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015). Other than alleging that Carrington failed to provide notice, Gamble does not plead more than conclusory allegations that Carrington violated the law. Gamble does not allege that he had not defaulted on the mortgage, or that Carrington waived or otherwise lacked contractual authority to foreclose on the property. *See id.* ("[The bank] never waived its contractual right to foreclose, and [the

mortgagor] was in default at all times after October 2007. Thus, irrespective of any statutory notice requirements, [the bank] did not violate [the Act] by threatening to foreclose.").

Carrington argues that section 51.002 of the Texas Property Code does not provide a private right of action.[1] (Docket Entry No. 2 at 10). The court agrees. *See Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases). Recharacterizing and addressing Gamble's claim as one for wrongful foreclosure, Carrington argues that no claim for wrongful foreclosure accrues until foreclosure has occurred. Gamble's complaint is clear that, despite the threat of a January 2023 foreclosure, no foreclosure has in fact occurred. (Docket Entry No. 1-1 ¶ 21 ("[T]he lender did not and has not foreclosed . . . ."). Because "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred," *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017), Gamble's claim must be dismissed.

Finally, the court dismisses Gamble's claim for declaratory judgment because the Texas Declaratory Judgment Act is a procedural statute that does not apply in federal court, *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), and because Gamble has failed to state a claim under any substantive law, as required under the federal Declaratory Judgment Act. *RKCJ, LLC v. Farmers & Merchants Bank*, No. 3:21-CV-2597-BN, 2022 WL 1050313, at *3 (N.D. Tex. Apr. 7, 2022) (collecting cases).

---

[1] In his complaint, Gamble identifies section 5.065 of the Texas Property Code as the relevant provision; however, Carrington correctly notes that section 5.065 only applies to executory contracts for the conveyance of real property. TEX. PROP. CODE § 5.065 (referring to the possibility of "a purchaser in default under an executory contract for the conveyance of real property" avoiding the enforcement of seller's remedies under section 5.064).

4

**III.     Conclusion**

The court grants the motion to dismiss, without prejudice.  Gamble must file any amended complaint by April 9, 2023.

SIGNED on March 14, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge